IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kristy Michelle Wolff,<br><br>                Plaintiff,<br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>                Defendant. | Civil Action No. 0:19-cv-2597-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). On June 9, 2020, the Commissioner filed a motion to remand this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. ECF No. 27. Plaintiff responded in opposition, asking the court to review the record and "address each stated error the law and code that was not fully considered in the process of denying the plaintiff SSDI benefits." ECF No. 28. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed June 22, 2020, recommends that the motion to remand be granted, as judicial economy dictates the court not address each of Plaintiff's grounds for remand in her numerous filings. ECF No. 29. On June 27, 2020 Plaintiff filed a "Reply" to the Report, arguing the court should "review the record on appeal and consider the evidence presented to support the errors of law the resulted in denial of benefits for the plaintiff." ECF No. 31. On July 2, 2020, Defendant noted he does not intend to file objections to the Report. ECF No. 33. For the reasons

stated below, the court adopts the Report, grants the Commissioner's motion to remand, and reverses and remands the decision of the Commissioner for further administrative action, pursuant to sentence four of § 405(g).

### **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a do novo review of the factual circumstances that substitutes the court's findings for

2

those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **Discussion**

The Magistrate Judge recommends that the court grant the Commissioner's motion to remand without addressing Plaintiff's myriad reasons for requesting remand. ECF No. 29. Plaintiff's reply again requests the court address her various grounds for remand, but notes she "also respectfully accepts the ruling for the report and recommendation and does not object to any further matters that have been deemed under the jurisdiction of this court." ECF No. 31 at 5. The Commissioner does not object.

Although Plaintiff has filed a "reply" to the Report, the contents show she does not object to remand, though she continues to argue the merits of her claim. ECF No. 31 at 3 ("The plaintiff Kristy Michelle Wolff does not object to the report and recommendation of the remand under sentence four . . ."). She requests the record reflect she is representing herself, which it does.

3

The court therefore finds Plaintiff has not filed specific objections to the conclusion of the Report, recommending remand.  In fact, it is clear Plaintiff does not object to remand.  As noted by the Magistrate Judge, the court declines to address the myriad reasons advanced by Plaintiff for remand, in order to conserve judicial economy.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge, grants the Commissioner's motion to remand (ECF No. 27), and reverses and remands the decision of the Commissioner for further administrative action pursuant to sentence four of § 405(g).[1]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 7, 2020

---

[1] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.

4